# United States Court of Appeals for the Federal Circuit

2008-7052

RICHARD A. WALCH,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Zachary M. Stolz, Chisholm Chisholm & Kilpatrick, of Washington, DC, argued for claimant-appellant. On the brief was Mark R. Lippman, The Veterans Law Group, of La Jolla, California.

Martin F. Hockey, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Jeanne E. Davidson, Director, and Dawn S. Conrad, Trial Attorney. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Martin J. Sendek, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Bruce E. Kasold

# United States Court of Appeals for the Federal Circuit

2008-7052

RICHARD A. WALCH,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-3649, Judge Bruce E. Kasold.

_____

DECIDED:  April 30, 2009

_____

Before RADER, PLAGER, and GAJARSA, Circuit Judges.

PLAGER, Circuit Judge.

The veteran in this case, Richard A. Walch, appeals from a judgment of the United States Court of Appeals for Veterans Claims (Veterans Court).[1] The Veterans Court affirmed a decision of the Board of Veterans' Appeals (Board) that denied Mr. Walch's claim for service connection for a left knee injury.

The sole issue raised by Mr. Walch in his appeal is whether the Secretary of Veterans Affairs' (VA's) statutory duty to assist a claimant for benefits includes a sua sponte duty to forward certain medical evidence regarding Mr. Walch, available in the

---

[1] Walch v. Mansfield, No. 05-3649 (Vet. App. Nov. 29, 2007) (Memorandum Decision).

veteran's claims file but also in the possession of the veteran, to the veteran's private treating physician. The Veterans Court held to the contrary. Because the evidence in question was already in the veteran's possession, the VA did not have a duty to provide that evidence to the veteran's private physician. We therefore affirm the judgment of the Veterans Court.

BACKGROUND

Mr. Walch served on active duty from July 1954 to October 1957. His service medical records reflect that he was treated in February 1955 for a sprain of the joint, left knee, medial collateral ligament, due to a skiing accident. He was treated again in March 1955 after reinjuring his knee in an automobile accident. His records indicate that Mr. Walch recovered from his injuries, and his 1957 separation examination revealed no problems with his knee.

Shortly after discharge, Mr. Walch filed a claim with the VA for service connection for a left knee condition. He underwent a VA medical examination, which resulted in a diagnosis of "no orthopedic condition." After his claim for service connection was denied, Mr. Walch failed to appeal, and the decision became final.

The record indicates that some years later, in May 1966, Mr. Walch was admitted to the hospital after he suffered a serious injury to his left knee, including a fractured tibia, while playing softball. He underwent surgery, and although the prognosis was "[g]enerally good," the clinician noted that "[t]here is a possibility of long-term arthritis in the knee."

Twenty-six years after this injury, in March 1992, Mr. Walch sought to reopen his claim for service connection. Over the next several years, he submitted various pieces

of additional medical evidence in support of his claim. This evidence included private medical records dated from 1988 to 1992 that diagnosed him with mild to moderate degenerative arthritis; correspondence regarding his condition from his private physician, Dr. Michael Sousa; records concerning a total knee replacement surgery that Mr. Walch underwent in 1994; and the 1966 hospital discharge report following his softball injury. The Regional Office (RO) repeatedly denied Mr. Walch's application to reopen his claim.

On the basis of a later opinion letter from Dr. Sousa in which he concluded that there was more likely than not a relationship between the two in-service injuries and Mr. Walch's osteoarthritis, the Board ordered the case reopened, and remanded Mr. Walch's claim to the RO for further development. There followed a review of the case by a VA examiner, Dr. James Burton, who reviewed Mr. Walch's entire claims file and summarized all the relevant medical evidence in a six-page report. He concluded that the fracture Mr. Walch sustained in 1966 while playing softball resulted in traumatic degenerative arthritis, which subsequently resulted in several arthroscopic surgeries and the 1994 total knee replacement. Dr. Burton opined that Mr. Walch's left knee condition was more than 50% related to the knee injury he sustained while playing softball in 1966. In response to a Board inquiry, Dr. Burton submitted an addendum to his report, concluding that there was not "a 50% or greater chance" that Mr. Walch's degenerative arthritis of the left knee was related to his 1955 in-service injuries. Dr. Burton again referred to the severe injury Mr. Walch sustained in 1966 and concluded that his present knee condition was due to circumstances that occurred after he was discharged from the military.

Subsequently the Board reviewed the records and medical opinions from Dr. Sousa, Mr. Walch's private physician, and Dr. Burton, the VA examiner, and denied Mr. Walch's claim for service connection. The Board noted that although Dr. Sousa mentioned Mr. Walch's two in-service injuries, he did not describe them. More importantly, Dr. Sousa did not consider Mr. Walch's 1966 softball injury, which resulted in fractures and required surgery. In contrast, the VA examiner's opinion was based on a complete review of all the relevant evidence, including the in-service medical records, both in-service injuries, the 1966 post-service softball injury, and Dr. Sousa's reports. The Board, noting that Dr. Sousa did not review all the relevant evidence in Mr. Walch's claims file, concluded that the probative value of his opinion was "considerably weakened." For these reasons, the Board found Dr. Burton's opinion to be more persuasive than Dr. Sousa's opinion.

Mr. Walch appealed to the Veterans Court, where one of his arguments was that as part of the duty to assist, the VA had a sua sponte duty to forward his entire claims file to his private physician, Dr. Sousa, before assigning less weight to Dr. Sousa's opinion than to the VA examiner's medical opinion. The Veterans Court concluded that there was no such duty. The court noted that if Dr. Sousa had advised that he could not render a full opinion without the entire claims file, it might be appropriate for the VA to notify Mr. Walch that the file could be forwarded upon request. However, no such assertion was made in this case. Moreover, the Veterans Court found that the Board assigned less weight to Dr. Sousa's opinion than Dr. Burton's opinion because Dr. Sousa made no reference to the 1966 post-service softball injury. Information regarding that injury was obviously in private medical records that Mr. Walch could have released

to Dr. Sousa at any time without authorization from the VA. The Veterans Court affirmed the Board's decision denying Mr. Walch's claim for service connection.

Mr. Walch appeals. We have jurisdiction pursuant to 38 U.S.C. § 7292.

DISCUSSION

We have authority to review a decision by the Veterans Court regarding "the validity of any statute or regulation or any interpretation thereof . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). We review the interpretation of statutory provisions without deference. Hensley v. West, 212 F.3d 1255, 1259 (Fed. Cir. 2000).

Mr. Walch argues on appeal that the Veterans Court misinterpreted the statutory duty to assist, 38 U.S.C. § 5103A(a)(1), by holding that the VA does not have a sua sponte duty to forward a veteran's claims file to his private treating physician.[2] He further argues that at the very least, the VA had a duty to advise Mr. Walch that it would provide his physician with his claims file upon request. In Mr. Walch's view, the VA's duty to assist includes a duty to help the veteran in the development of all relevant evidence, including the opinion of his own private physician.

Section 5103A requires the VA to "make reasonable efforts to assist a claimant *in obtaining evidence* necessary to substantiate the claimant's claim." 38 U.S.C. § 5103A(a)(1) (emphasis added). As the various subsections of the statute make clear,

---

[2] We need not respond in detail to the Government's argument that the appeal should be viewed as a challenge to the Board's findings of fact and application of law to fact, and therefore this court lacks subject-matter jurisdiction. Because of the way the statute giving us review authority over the Veterans Court is drafted, this argument can be, and is, made in virtually every case appealed to us from that court. We conclude that this case is more properly considered a matter of interpretation of a statute, see 38 U.S.C. § 7292(c), as Mr. Walch argues.

2008-7052                                    5

a significant part of the VA's duty to assist is its obligation to make reasonable efforts to obtain relevant records. These records include not only the veteran's service medical records and records of medical treatment and examinations at VA health-care facilities, but also any other relevant records held by a Federal department or agency as well as private records that the claimant adequately identifies and authorizes the VA to obtain. § 5103A(b), (c); see also 38 C.F.R. § 3.159(c)(1)-(3) (regulation implementing 38 U.S.C. § 5103A).

In this case, we need not decide whether and to what extent the VA might have a duty to provide a claimant's private physician with information from his claims file or to notify the veteran that he may request the VA to forward such information. The VA's duty to assist is not an unbounded obligation. The statutory duty imposed on the VA is to assist the veteran in obtaining evidence to support his claim. 38 U.S.C. § 5103A(a). While the VA has a duty to assist the veteran by obtaining relevant evidence such as medical records, § 5103A(a)-(c), that duty does not require the VA to provide the veteran with evidence that is already in his possession.

The record indicates that Mr. Walch's private physician, Dr. Sousa, reviewed Mr. Walch's service medical records as part of his evaluation of Mr. Walch's condition. The evidence from Mr. Walch's claims file that Dr. Sousa ostensibly had not seen consisted of medical records related to Mr. Walch's 1966 post-service injury. Mr. Walch does not dispute that he had access to those records and could have released them to Dr. Sousa at any time without the involvement of the VA. Therefore, since the records describing Mr. Walch's 1966 softball injury were already in the veteran's possession, the VA was

under no obligation separately to forward them to Dr. Sousa, and neither the Veterans Court nor the Board erred in so holding.[3]

CONCLUSION

The judgment of the Veterans Court is

AFFIRMED.

COSTS

Each party shall bear its own costs.

---

[3] Because of our disposition of the case, we need not consider the Government's argument that, had the VA sua sponte forwarded a veteran's claims file to a private physician without receiving a prior request or authorization from either the veteran or his private physician, there would have been a violation of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936, and the VA's own regulations regarding privacy.